James P. Segall-Gutierrez, Esq., CA Bar: 240439
LAW OFFICES OF JAMES P. SEGALL-GUTIERREZ
6709 Greenleaf Avenue, Suite 202
Whittier, California 90601
Telephone (562)321-5950
Facsimile (562)907-3791
jpsglaw@gmail.com

Central District Court

| | |
|---|---|
| ROLANDO CAMARENA, an individual, <br><br> Plaintiff, <br> v. <br><br> CALIFORNIA DEPARTMENT OF TRANSPORTATION; AMTRAK; AMTRAK POLICE DEPARTMENT; AMTRAK POLICE OFFICER TRAVIS HENRY; and DOES 1 THROUGH 100, INCLUSIVE, <br><br><br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> 1. Violation of Civil Rights (42 U.S.C. § 1983, 4th and 14th Am.) <br> 2. Violation of Civil Rights (42 U.S.C. § 1983, 4th and 14th Am.) <br> 3. Battery |

COMES NOW Rolando Camarena, (hereinafter "PLAINTIFF"), an individual, who alleges as follows:

**<u>PARTIES</u>**

1. PLAINTIFF at all times material herein, was an adult citizen residing in the city of Ventura, California within the jurisdiction of the Central District Court of the State of California.

2. At all times material herein, Defendant, California Department of Transportation (hereinafter "CALTRANS"), was a governmental entity organized under the laws of the State of California.

3. At all times material herein, Defendant AMTRAK was a governmental entity, or a state-funded entity, organized under the laws of the State of California.

-1-

4. AMTRAK Police Department (hereinafter "APD"), was a public entity responsible for providing law enforcement for Defendants, including hiring, supervising, training, and managing local police officers.

5. At all times mentioned herein, Defendant APD was responsible for overseeing the operation, management, and supervision of its personnel and is liable for the negligent and reckless acts of all employees, personnel, and entities.

6. In committing the acts and/or omissions alleged herein, all Defendants acted under color of authority and/or color of law.

7. At all times material herein, Defendant APD Officer Travis Henry (hereinafter "HENRY") was an adult citizen residing in the State of California acting as a duly appointed officer employed by Defendants. He is being sued individually and in his official capacity as an officer.

8. PLAINTIFF is ignorant of the true names and capacities of the Defendants identified as DOES 1 THROUGH 10 (hereinafter "DOES"), inclusive, and sues these Defendants by such fictitious names. PLAINTIFF will amend this complaint and add the true names of these Defendants when ascertained.

9. PLAINTIFF is informed and believes and, based upon such information and belief, alleges that Defendant HENRY and DOES, were acting as the agents and/or employees of Defendants CALTRANS and AMTRAK, and in doing the acts alleged herein, were acting within the course and scope of such employment or agency.

10. At all times material herein, Defendants DOES, were the immediate supervisor, immediate supervisor(s) and/or the training officers for Defendant HENRY. DOES are being sued in their individual capacities, and at the time of the acts complained, were each duly appointed and acting officers employed as such by Defendants, and at the time of the acts hereinafter

-2-

complained of, each said defendant was acting in the course and scope of such employment and acting under color of law, by promulgating policies and procedures pursuant to which the unlawful conduct occurred.

11. DOES were at all times responsible for the hiring, training, supervision, and discipline of Defendant HENRY and were responsible for violation of PLAINTIFF's rights by failing and refusing, with deliberate indifference to PLAINTIFF, to intervene to stop the unlawful conduct, and by ratifying the conduct that occurred by agents and deputies under their direction and control.

12. PLAINTIFF is informed and believes that each Defendant sued herein was responsible in some manner for the events as hereinafter described, and proximately caused injuries and damages to PLAINTIFF.

13. The acts as alleged herein occurred in the City of Santa Barbara, County of Santa Barbara, State of California.

14. PLAINTIFF believes that Santa Barbara falls within the jurisdiction of the Central District Court of California and is the proper jurisdiction for this matter.

15. PLAINTIFF now files this action with the Central District Court of California.

### ALLEGATIONS

16. On December 7, 2014 during the evening, Defendant HENRY and several DOE OFFICERS was assigned patrol of the AMTRAK station on State Street in Santa Barbara.

17. Plaintiff was on his way home with his wife and two other friends after spending the day in Santa Barbara. As PLAINTIFF was waiting for his train home, PLAINTIFF ended up on the ground after being struck and taken down by HENRY. Plaintiff was lifted from behind, lifted and thrown against the concrete, which was harmful and offensive touching, without consent or privelage, by HENRY.

-3-

18. PLAINTIFF was at first not treated, but later was subsequently treated by medics and checked into the local hospital where there were damages that were recorded.

19. The above referenced acts or omissions were the proximate and legal cause of PLAINTIFF's injuries and were the proximate and legal cause of damages to the PLAINTIFF.

20. As a result of the excessive force, PLAINTIFF suffered general and special damages, including, but not limited to pain, discomfort, bruising, scarring, anxiety, and she continues to suffer ongoing mental anguish.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

21. PLAINTIFF re-alleges paragraphs 1-20 as though set forth herein *verbatim*.

22. This action arises under 42 U.S.C. §§ 1983 and 1988, the United States constitution and common law principles.  By engaging in the conduct described hereinabove, Defendant HENRY was acting under the color of state law as a police officer, and violated PLAINTIFF's civil rights afforded to her under the United States Constitution, including her right to be free from excessive and unreasonable force in violation of her rights protected under the Fourth Amendment.

23. As a direct and proximate result of Defendant HENRY's wrongful conduct described hereinabove, PLAINTIFF suffered physical and emotional injuries, including, but not limited head and neck injury and pain, dizziness, emotional and mental distress.

24. PLAINTIFF is informed and believes, and based thereon alleges that, in engaging in the conduct alleged herein, Defendant HENRY:

(a)  acted with the intent to injure, vex, annoy, and harass PLAINTIFF, and

(b)  subjected PLAINTIFF to cruel and unjust hardship in conscious disregard of PLAINTIFF's rights with the intention on the part of the Defendant of thereby depriving PLAINTIFF of

-4-

her liberty and legal rights and otherwise caused PLAINTIFF's injury.

25.  As a result of the foregoing, PLAINTIFF seeks exemplary and punitive damages against Defendant HENRY as well as an award of reasonable attorneys' fees and costs according to proof, pursuant to 42 U.S.C. § 1988.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983
***(As to Defendants for Failure to Train, Investigate, or Supervise, Causing Constitutional Violation and Custom Causing Constitutional Violation)***

26. PLAINTIFF re-alleges paragraphs 1 through 25 as though set forth herein *verbatim*.

27. PLAINTIFF is informed and believes and thereon alleges that Defendants CALTRANS, AMTRAK, and DOES knew, or in the exercise of reasonable care should have known of customs, policies, and practices inimical to the free exercise and enjoyment of constitutional rights of its citizens.

28. Defendants at all times material herein tolerated or maintained the unconstitutional custom, policy, or practice of:

a.  Use of excessive force or violence, including,  but not limited to, use of tactics and weapons in a reckless and unreasonable manner;

b.  Writing false reports and/or giving false testimony;

c.  Derelict supervision of patrol or line officers;

d.  Institutional pressure to conform false testimony, evidence, or reports by all officers involved in an incident to protect one or more of them from criminal prosecution or administrative discipline aka "Code of Silence";  it was a common practice to falsely claim that the force was justified because the arrestee was resisting arrest or attacking the officer;

e.  Sham or deficient investigations of allegations of officer misconduct designed to allow officer misconduct to escape detection by superiors and/or superiors who guide or shape the investigations to support a result exonerating the subject or target officers;

f.  Ratification of misconduct to avoid referral for criminal prosecution;

g.  Planting evidence or withholding evidence to favor the involved officer(s)'s version of a disputed and complained of incident of officer misconduct;

h.  Public denial or minimization of rampant problems of dishonesty and brutality within the APD Department;

i.  Failure to properly hire, train, supervise, discipline, terminate, or otherwise take appropriate action with regard to persons who are or become unsuitable for officer work.

29. As a proximate result of the foregoing unconstitutional municipal customs, policies and/or practices tolerated or maintained, PLAINTIFF's civil rights were violated as foresaid.

30. PLAINTIFF claims general and special damages according to proof as a proximate result thereof.

31. PLAINTIFF is informed and believes and thereupon alleges that Defendants HENRY, And APD were the subject of prior complaints of allegations of similar conduct,    had been the subject of administrative proceedings and had also been defendants in federal and state courts wherein the plaintiff(s) alleged violations of their constitutional rights by   Defendants CALTRANS, AMTRAK, and DOES in the course and scope of their employment as APD officers and under color of law.

32. Notwithstanding this information and the history of APD officers, including, but not limited to Defendant HENRY, Defendants CALTRANS, AMTRAK, and DOES, failed to properly screen applicants and hired persons who were psychologically unfit for duty, who falsified evidence after officer use of excessive force, and used unreasonable, out-of-policy or unconstitutional officer tactics to investigate officer use of force incidents.  The failure to discipline the individual officers for their unconstitutional conduct and for violation of APD's policy against

-6-

unjustified use of force and falsifying facts and evidence in an investigation was ratification of the wrongful conduct.

33. Defendants CALTRANS, AMTRAK, and DOES have a custom or practice which rejects and ignores the prior misconduct of a deputy in imposing discipline.  As a result, the custom, practice, or policy results in the retention of officers such as Defendant  who has a propensity to use excessive force, falsify evidence, and violate AMTRAK policy on the investigation of use of force incidents.  This condones, ratifies, promotes, and perpetuates officer misconduct and the code of silence, which were moving forces in the violations of PLAINTIFF's constitutional rights.

### THIRD CAUSE OF ACTION
### *Battery*
### *(As to Defendants HENRY and AMTRAK)*

34. PLAINTIFF re-alleges paragraphs 1 through 33 as though set forth herein *verbatim.* PLAINTIFF was battered by Defendant HENRY, which resulted in significant injury, including, but not limited to, extreme pain, suffering, and mental anguish.

35. Pursuant to the doctrine of *respondeat superior,* Defendants CALTRANS and AMTRAK are liable for the misconduct of the individual defendant officer employee which was committed while he was   acting in the course and scope of his employment.

36. PLAINTIFF claims general and special damages according to proof as a proximate result thereof.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF requests relief as follows:

1.      For general damages according to proof;

2.      For special damages according to proof;

3.      For prejudgment interest according to proof;

-7-

4.    For reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988, California Civil Code § 52.1, and any other applicable provision;

5.    For punitive damages pursuant to 42 U.S.C. §§ 1983 and 1988 and/or California Civil Code § 3294, and any other applicable provision in an amount sufficient to deter and make an example of said defendants; and

6.    For such further relief which is just and proper.

DATED:  December 7, 2016

By _____/S/_____

JAMES P. SEGALL-GUTIERREZ

## JURY DEMAND

PLAINTIFF demands trial by jury in this action.

DATED:  December 7, 2016

By _____/S/_____

JAMES P. SEGALL-GUTIERREZ

PLAINTIFF'S COMPLAINT for DAMAGES; DEMAND for JURY TRIAL